CARL EDWARD HOFFMAN
1519 Madrid Dr.
Vista, CA. 92081
(760) 420-0226
4ed.hoffman@gmail.com

PLAINTIFF IN PRO PER

FILED
2008 AUG 29 PM 4:15
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1597 JM NLS

| | |
|---|---|
| CARL EDWARD HOFFMAN, an individual, | Case No.: |
| Plaintiff, | PLAINTIFF CARL EDWARD HOFFMAN'S COMPLAINT FOR PATENT INFRINGEMENT |
| vs. | |
| IMPACT CONFECTIONS, INC., a Colorado Corporation; and DOES 1 through 100, inclusive, | DEMAND FOR JURY TRIAL |
| Defendant | |

I, CARL EDWARD HOFFMAN (hereinafter, "Mr. Hoffman") hereby allege as and for this complaint against defendants IMPACT CONFECTIONS, INC. (hereinafter, "Impact") and DOES 1 through 100 (hereinafter collectively with Impact, "Defendants" and, each, individually, a "defendant") as follows:

### THE PARTIES

1. At all times relevant to the matters set forth and alleged in this complaint, Mr. Hoffman was and is a resident of the State of California, County of San Diego.

[COMPLAINT] - 1

2. Mr. Hoffman is informed and believes, and thereon alleges, that Impact is a Colorado Corporation having its' principal place of business at 888 Garden of the Gods Road, Colorado Springs, Colorado, 80907.

3. Mr. Hoffman is further informed and believes, and thereon alleges, that Impact's gross sales were approximately $32 million in 2001, $28 million in 2002, and $30 million in 2003.

4. Mr. Hoffman is informed and believes, and thereon alleges, that Impact's customers include Wal-Mart Stores, Inc., Target Corporation, K-Mart, Longs Drugs Corporation, Albertsons, Inc., Circle K Stores, Inc., 7-Eleven Corporation, KB Toys, and Costco Wholesale Corporation.

5. The true names and capacities of the defendants sued herein as DOES 1 through 100, inclusive, are unknown to Mr. Hoffman, who therefore sues said defendants by such fictitious names. Mr. Hoffman will amend this complaint to allege the true name and capacity of each such DOE defendant when the same is ascertained.

6. Mr. Hoffman is informed and believes, and thereon alleges, that, at all times relevant hereto, each of the Defendants was acting in concert and active participation with each of the other Defendants in committing the wrongful acts herein alleged and each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, each of the Defendants was acting in the course and scope of his, her, or its' agency and was subject to and under the supervision of, and was acting with the knowledge of, his, her or its' co-defendants.

7. On information and belief, each of the DOE Defendants is either an alter ego of Impact, possesses the right and/or ability to supervise the relevant production, financial affairs, marketing, and/or sales of Impact, has obvious and direct financial interest in such conduct, has engaged in conduct that forms part of or furthers the claims for relief alleged in this complaint, and/or by virtue of machinery, financial aid, or goods contributed provides the means to the asserted claims for relief. Each of the Defendants is therefore also liable under theories of vicarious liability, direct infringement, contributory infringement, and/or inducing infringement.

## JURISDICTION AND VENUE

8. This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1, et seq. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, and 1338(a).

9. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), insofar as a substantial part of the events and omissions giving rise to the claims herein asserted occurred within the jurisdiction of this District.

## FACTUAL BACKGROUND

10. In the first quarter of 2003, Mr. Hoffman, while working as CEO and President of Ollie Pop Bubble Gum Corporation, began to develop a new concept for producing and marketing novelty gum and candy designed to appeal to the fans of the National Association for Stock Car Auto Racing ("NASCAR").

11. Mr. Hoffman contemplated two different packages, both of which would be sold under the mark PIT CREW CHEW. The first was a pouch containing gum or candy. The second was a plastic container shaped like a tire and wheel that was to contain gum or candy. The products were to be licensed by NASCAR and bear NASCAR's logos. Additionally, the products were to be endorsed by at least one NASCAR driver and would display the driver's image and/or his/her car and/or associated number.

12. Mr. Hoffman designed both packages and began working with Motorsports Management, Inc. ("Motorsports Management") to establish a relationship between Ollie Pop Corporation and NASCAR.

13. On or about March 11, 2003, Mr. Hoffman contacted Impact to explore the idea of forming a mutually beneficial relationship to produce, market and distribute PIT CREW

CHEW products. On May 12, 2003, Impact and Ollie Pop Corporation entered into a written non-disclosure agreement.

14. Mr. Hoffman relied on Impact to conduct itself in an honest and forthright manner and adhere to the confidentiality and non-compete restrictions in the non-disclosure agreement. Therefore, as part of his discussions with Impact, Mr. Hoffman disclosed confidential information to Impact which included, but was not limited to, design ideas for the plastic wheel container.

15. As the development of the product progressed, negotiations between the two companies progressed as well. Impact, however, began to "squeeze" the monetary details of the relationship in a blatant attempt to decidedly and unfairly skew the deal in it's' favor. Impact began to demean the contributions of Ollie Pop Corporation and the necessity of it's' involvement. Impact went so far as to state "We don't really even need Ollie Pop".

16. In November of 2003, Mr. Hoffman resigned from Ollie Pop Corporation. In September, 2004, Mr. Hoffman and Ollie Pop Corporation entered into an agreement in which Mr. Hoffman would trade his considerable amount of interest in Ollie Pop Corporation for all right, title and interest in and to and all intellectual property rights related to the PIT CREW CHEW mark and products, any and all rights of Ollie Pop Corporation under the non-disclosure agreement and/or any implied agreement, all patent and copyright rights relating to the tire and wheel design and artwork, and all choses in action as against the Defendants pertaining to PIT CREW CHEW and/or the tire and wheel design and/or the artwork thereon.

17. Mr. Hoffman finalized the design for the wheel container he intended to use for the PIT CREW CHEW product, and filed a Design Patent application on July 8, 2005.

18. In 2005, Mr. Hoffman learned that Impact had disregarded the restrictions of the non-disclosure agreement he now owned the rights to, and misappropriated all the confidential and proprietary information disclosed in confidence and good faith by Mr. Hoffman and launched its' "own" product – Champion Chew.

19. Impacts' "Champion Chew" product was a gum enclosed in a plastic tire and wheel container as disclosed to Impact by Mr. Hoffman. The wheel container is a direct, blatant

and intentional copy of the wheel container design Mr. Hoffman disclosed to Impact in confidence and good faith, under the protection of the non-disclosure agreement.

20. Mr. Hoffman's Design Patent was approved and granted on November 27, 2007 as U.S. Design Patent # US D556,052 S. The wheel container produced by Impact is a direct and intentional infringement of this Design Patent owned by Mr. Hoffman.

## CLAIM FOR PATENT INFRINGEMENT

21. Mr. Hoffman repeats and realleges each and every allegation set forth in paragraphs 1- 20 above as though fully set forth herein.

22. Upon information and belief, defendants, and each of them, have infringed, induced infringement of and contributorily infringed the patent-in-suit by making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products that infringe on Mr. Hoffman's Patent.

23. Upon information and belief, defendant's infringement is willful and deliberate.

24. As a direct and proximate consequence of defendants infringement, Mr. Hoffman has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Mr. Hoffman is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hoffman hereby respectfully prays for relief as against defendants, and each of them, as follows:

A. That Defendants, and each of them, be held to have infringed on U.S. Patent # D556, 052 S, owned by Mr. Hoffman.

B. For general, actual, and statutory damages in accordance with proof at trial;

C. for preliminary and permanent injunctive relief;

D. for an accounting and restitution and/or disgorgement of any and all unlawful profits, payments, revenues, monies, and/or royalties derived and/or obtained by Defendants, and each of them, whether from domestic or foreign source, in accordance with proof at trial;

E. for an accounting and restitution and/or disgorgement of any and all benefits not encompassed in the preceding paragraph which have been or will be derived or obtained by Defendants, and each of them, pertaining to or as a direct or indirect result of the conduct complained of herein, whether from domestic or foreign sources, in accordance with proof at trial;

F. for costs to Mr. Hoffman for ameliorative or corrective advertising to restore Mr. Hoffman to the position he would have occupied absent Defendant's unlawful actions;

G. for exemplary and/or punitive damages in an amount sufficient to punish Defendants, and each of them, and deter such misconduct in the future, in accordance with proof at trial;

H. for a constructive trust in accordance with proof at trial;

I. for costs of suit;

J. for reasonable attorneys fees; and

K. for any such other and further relief as the court may deem just and proper.

Dated: August 29, 2008

_____

Carl Edward Hoffman
Plaintiff in Pro Per

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, **CARL EDWARD HOFFMAN** hereby respectfully demands a trial by jury on all issues so triable.

Dated: August 29, 2008

                                                 Carl Edward Hoffman
                                                 Plaintiff in Pro Per

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Carl Edward Hoffman (in Pro Per)
1519 Madrid Dr., Vista, CA. 92081

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS**
Impact Confections, Inc.

FILED
2008 AUG 29 PM 4:17
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
08 CV 1597 JM NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
United States Patent Act, 35 U.S.C. §§ 1, et seq.
Brief description of cause:
Patent Infringement

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE: Hon. Barry T. Moskowitz
DOCKET NUMBER: 06 CV 0489BTM NLS

DATE: 08/29/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature] IN PRO PER

**FOR OFFICE USE ONLY**

RECEIPT # 154579  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

LAC 8/29/08

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

         #  154579     -- TC

         August 29, 2008
             16:17:22


           Civ Fil Non-Pris
USAU #.: 08CV1597
Judge..: JEFFREY T MILLER
Amount.:                   $350.00 CK
Check#.: PC3193



        Total->  $350.00



FROM: CARL EDWARD HOFFMAN
        VS
         IMPACT CONFECTIONS
```